**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**CHER TRETESSE CONNER**                                                      **PETITIONER**

**V.**                                               **NO. 2:12CV064-B-S**

**MISSISSIPPI**                                                        **RESPONDENT**

## MEMORANDUM OPINION

This matter is before the court, *sua sponte*, for consideration of dismissal. Petitioner, an inmate currently in the custody of the Mississippi Department of Corrections, files this matter pursuant to 28 U.S.C. § 2254. Petitioner complains about a state conviction for felony shoplifting. Noticeably absent from the pleadings, however, is any proof or allegation that Petitioner has presented her claim to the State's highest court.

After carefully considering the contents of the *pro se* petition and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

It is well-settled that a state prisoner seeking habeas corpus relief in federal court is first required to exhaust his available state remedies. 28 U.S.C. § 2254(b)(1) and (c); *see also Rose v. Lundy*, 455 U.S. 509 (1982). An applicant "shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of [§ 2254] if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Thus, it is a fundamental prerequisite to federal habeas relief that a petitioner exhaust all his claims in state court prior to seeking federal collateral relief. *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995).

To satisfy this requirement, the petitioner "must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Accordingly, "when a prisoner alleges that his continued

confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." *Id.* at 844.

Petitioner's complaint is premature. Before relief may be granted in a federal habeas petition under § 2254, she must exhaust available state court remedies. *See* Miss. Code Ann. §§ 99-39-1 *et seq*. It is clear, Petitioner has not presented her claims to the State's highest court. Therefore, the petition will be dismissed without prejudice.

A final judgment in accordance with this opinion will be entered.

THIS the 17th day of May, 2012.

        /s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**